**Opinion filed January 12, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00312-CV

_____

## IN RE CHAPARRAL PIPELINE COMPANY, LLC

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

Relator, Chaparral Pipeline Company, LLC, filed an original petition requesting that we grant its Emergency Petition for Writ of Mandamus and direct the Honorable Dana W. Cooley, presiding judge for the 132nd District Court of Scurry County, to appoint special commissioners in the underlying condemnation proceeding. *See* TEX. PROP. CODE ANN. § 21.014 (West 2014).

In a letter, Judge Cooley responded to the petition and stated that, on November 28, 2022, she appointed special commissioners along with alternate special commissioners as required by the statute. Judge Cooley's order is consistent with the statutory requirements in that it appoints three disinterested real property owners who reside in Scurry County as special commissioners, and it provides two

alternate special commissioners that meet the same criteria. *See id.* We sent a letter to Relator stating that, upon the order by the trial court, the proceeding appeared to be moot and should be dismissed. Our letter provided adequate time for a response if the parties disagreed with our conclusions. In a response, Relator agreed with our conclusions and stated that this proceeding should be dismissed as moot.

We find that the petition for writ of mandamus is now moot because Judge Cooley provided Relator with the specific relief it sought by appointing special commissioners. *See ERCOT, Inc., v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021) ("A case become moot when . . . the court can no longer grant the requested relief or . . . any decision would constitute an impermissible advisory opinion."); *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016) ("[D]ismissal may be appropriate when subsequent events make 'absolutely clear that the [challenged conduct] could not reasonably be expected to recur.'" (second alteration in original) (citations omitted)). We lack jurisdiction to decide a mandamus petition that has been rendered moot. *See Panda Power*, 619 S.W.3d at 634.

Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction.


PER CURIAM


January 12, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.